United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARELI YANEZ ARGUELLES,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, et al.,

    Defendants.

Case No. 24-cv-04199-RS

**ORDER DENYING REMAND MOTION**

## I. INTRODUCTION

Plaintiff Kareli Yanez Arguelles avers she suffered injuries and damages after slipping on some grapes on July 22, 2022, in a San Jose, California store operated by Defendant Costco Wholesale Corporation. Arguelles, a California citizen, filed suit in California state court, asserting claims of premises liability and negligence against Costco and Cory Condren, whom Plaintiff alleged to be a Costco employee and the manager of the relevant store at the time of her fall. Costco, a Washington corporation, removed the action to federal court on the basis of diversity jurisdiction, asserting that Condren—a California citizen—was fraudulently joined. Arguelles filed for remand, arguing that Condren was not fraudulently joined and that the case therefore lacks complete diversity. For the reasons explained below, removal was proper and therefore Plaintiff's motion to remand is denied. Plaintiff also requested sanctions against Costco's counsel. Because counsel had an objectively reasonable basis to remove the case, Plaintiff's request is also denied.

## II. BACKGROUND[1]

On July 22, 2022, Arguelles was at a Costco in San Jose when she slipped on some grapes strewn across the floor of the refrigeration department. The resulting fall injured her and caused related damages. Nearly two years later, she brought premises liability and negligence causes of action against Costco and Condren as well as 50 unnamed defendants in California state court.

Costco answered with a general denial and several affirmative defenses on the same day that it removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). It specifically claimed that Condren—a California citizen and thus the only party to share citizenship with another party (*i.e.*, Arguelles)—did not work at the relevant San Jose store when Arguelles suffered her injuries. Because Condren was not involved in the incident, Costco argued that it was impossible for Arguelles to state a cause of action against him and, thus, that the only non-fraudulently joined parties in the case were completely diverse. Costco also contended that it was more likely than not that the claims in the case presented an amount in controversy exceeding the jurisdictional minimum of $75,000.

Arguelles moved for remand to state court. Attached to the motion was a sworn declaration by a paralegal at her counsel's law firm, asserting that he called the relevant Costco warehouse on June 4, 2024 and asked to speak with a manager. Dkt. No. 10 at 11. From a woman who identified herself as a manager, the paralegal learned that a person named Cory Condren was the General Manager for multiple Costco locations, including the relevant San Jose store, and that Condren had held this position for longer than three years—a time span which included the date when Arguelles fell. *Id.*

Costco opposed the remand motion and attached a sworn declaration by Condren. Based on his own personal knowledge, Condren conceded that he was a current Costco employee. He was not, however, "employed at the [relevant] Costco . . . as alleged in the complaint." Dkt. No.

---

[1] The averments in the complaint, assumed to be true for the purpose of assessing whether joinder was proper, form the foundation of the factual background. *See Zachman v. Johnson & Johnson*, No. 15-cv-04285-RS, 2015 WL 7717190, at *1 (N.D. Cal. Nov. 30, 2015).

12-2 at 2. More specifically, Condren swore that he "did not become employed at the [relevant] warehouse . . . until after July 22, 2022," the date of Arguelles' fall. *Id.* He also swore that he "did not operate, control, supervise, manage, or maintain the premises" of the relevant Costco on the date of Arguelles' fall. *Id.*

Arguelles replied by suggesting that Condren may have been "visiting the Subject Location on the date of the incident" or serving as "a regional manager for the Subject Location as Plaintiff was advised by employees of Costco." Dkt. No. 13 at 5. Because Condren was "still employed by Costco as of the date of the incident," she insisted that "[a]t the very least, additional discovery is necessary" and that the allegations in the complaint sufficiently stated a claim against Condren so as to defeat Costco's fraudulent joinder argument. *Id.*

Supplemental declarations were requested, which both parties provided. Costco supplied another declaration from Condren stating that he has never been employed as a regional manager at Costco and that he was neither employed at the relevant warehouse nor present there on the date of Plaintiff's fall. Dkt. No. 19-1 at 1–2. Arguelles presented two sworn declarations by investigators who work for her firm. One investigator spoke to three former Costco employees, two of whom recalled that Condren was a manager at the store on the relevant date and one who recalled that Condren "had arrived at the Costco on Senter Road around September 2022, from a different warehouse." Dkt. No. 21 at 4. The other investigator stated that he identified Condren as a defendant in a distinct personal injury suit against Costco. Dkt. No. 21 at 7 (citing *Zuniga v. Costco Wholesale Corp. et al.*, No. 23-cv-2454-EMC).

### III. LEGAL STANDARD

#### A. Remand and Fraudulent Joinder

A defendant has the right to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal jurisdiction therefore exists when a state case presents a federal question or involves parties with complete diversity of citizenship plus at least $75,000 as the amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. The defendant bears the burden of establishing a

proper basis for removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts strictly construe the removal statute against finding federal subject matter jurisdiction and "resolve[] all ambiguity in favor of remand to state court." *Id.*

Although 28 U.S.C. § 1332 requires complete diversity—*i.e.*, each plaintiff must be of a different citizenship from each defendant—"district courts may ignore the fraudulent joinder of non-diverse defendants in determining whether diversity jurisdiction exists." *Freeman v. Wells Fargo Bank, N.A.*, No. 16-cv-03790, 2016 WL 4535785, at *4 (N.D. Cal. Aug. 31, 2016) (citing *Hunter*, 582 F.3d at 1043). The Ninth Circuit recognizes two ways to establish that a plaintiff fraudulently joined a non-diverse party: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (internal quotation marks omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). If, however, "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (internal quotation marks omitted). In this way, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). When assessing a fraudulent joinder claim, courts may go "somewhat further" than the pleadings by allowing a defendant to present additional facts. *See Ritchey*, 139 F.3d at 1318.

### B. Sanctions

If a district court remands a removed case back to state court, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). A

court should only grant such an award where the removing party lacks an objectively reasonable basis for seeking removal. *Id.*

## IV. DISCUSSION

Arguelles does not dispute that the amount-in-controversy requirement has been met and that diversity of citizenship exists between herself and Costco. Nor does Costco dispute that Condren, a California citizen, would destroy complete diversity if properly joined. The dispute thus centers on whether Condren is a proper party to this action. That question, in turn, hinges on whether "[Costco] present[ed] extraordinarily strong evidence or arguments that [Arguelles] could not possibly prevail on her claims against [Condren]." *See Grancare*, 889 F.3d at 548.

The evidence Costco presented is strong. In a sworn declaration, Condren stated that he did not "operate, control, supervise, manage, or maintain the premises" where Arguelles fell on July 22, 2022, the date of her fall. Dkt. No. 12-2 at 2. He also stated that he was not even employed at that location at the time and "had no involvement whatsoever in the accident at issue in this matter." *Id.* Under California law, "[t]he essential elements for both negligence and premises liability are duty, breach, causation, and damages." *Hassaine v. Club Demonstration Servs.*, 77 Cal. App. 5th 843, 850 (2022) (citing *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001)). Condren's sworn declaration that he had no managerial authority is clear and convincing evidence that he did not owe Plaintiff any duty, and it therefore demonstrates that Plaintiff cannot possibly prevail on negligence or premises liability claims against him. This is particularly true when considered against the thin, hearsay evidence Plaintiff has offered to the contrary—her counsel's paralegal declaration that he heard from someone else that Condren was a General Manager with authority over the relevant Costco during a time span including the date of her fall. Moreover, Plaintiff's supplementary submissions to the court featured one source who confirmed Condren's version of events (*i.e.*, that he started working at the San Jose store *after* Plaintiff's fall). *See* Dkt. No. 21 at 4 (stating that "Condren had arrived at the Costco on Senter Road around September 2022, from a different warehouse").

This district has previously credited the sworn declaration of a defendant explaining he could not possibly have been involved in an alleged injury. *See In re Roundup Prod. Liab. Litig.*,

No. 16-MD-02741-VC, 2021 WL 5149862, at *2 (N.D. Cal. Nov. 5, 2021).  The cases Arguelles proffers to the contrary are inapposite.  For example, in *Nieves v. Costco Wholesale Corp.*, No. 3:22-cv-00977, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022), the party in question admitted to being a manager of the relevant store but declared that she was on vacation when the incident occurred.  Here, by contrast, Condren swears that he was *not* a manager at the store where Plaintiff slipped at the time of her fall.  The other cited cases are likewise distinguishable.  *See, e.g.*, *Thomas v. WalMart Stores, Inc.*, No. 18-cv-03422, 2018 WL 3046967, at *4 (C.D. Cal. June 19, 2018) (lacking any sworn declaration by the alleged manager that he was not, in fact, a manager at the relevant store); *Trujillo v. Target Corp.*, No. 17-cv-06429, 2017 WL 4864490, at *5 (C.D. Cal. Oct. 26, 2017) (same); *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391, 2015 WL 1285287, at *4 (C.D. Cal. Mar. 19, 2015) (same); *Dirkes v. Sam's W., Inc.*, No. 2:22-cv-03466, 2022 WL 17098672, at *5 (C.D. Cal. Sept. 7, 2022) (same).

Arguelles' arguments for remand fail to undermine Condren's sworn declaration that he "did not operate, control, supervise, manage, or maintain the premises" in question at the time of her injuries.  Dkt. No. 12-1 at 2.  It is therefore impossible that Condren could be held personally liable on her claims, and Costco has demonstrated a fraudulent joinder by clear and convincing evidence.

## V. CONCLUSION

Costco has carried its heavy burden to show that Condren was fraudulently joined.  Complete diversity is thus apparent and Plaintiff's motion to remand must accordingly be denied.  Because Defendant plainly had an objectively reasonable basis to remove this case to federal court, plaintiff's motion for sanctions is likewise denied.

**IT IS SO ORDERED**.

Dated: October 24, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

ARGUELLES V. COSTCO WHOLESALE CORP., ET AL.
CASE NO. 24-cv-04199-RS